Kankanam-Pathiranage v. Holder

BIA
Nelson, IJ
A087 785 474

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand thirteen.

PRESENT:
    RALPH K. WINTER,
    JOHN M. WALKER, JR.,
    ROBERT A. KATZMANN,
        *Circuit Judges*.

_____

CHARITHA SHAMJAYASENA
KANKANAM-PATHIRANAGE,
        *Petitioner*,

    v.                                    12-316
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:         Visuvanathan Rudrakumaran, New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jem C. Sponzo, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Charitha Shamjayasena Kankanam-Pathiranage, a native and citizen of Sri Lanka, seeks review of a December 27, 2011, decision of the BIA, which affirmed the June 15, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson. In her June 15, 2010 decision, the IJ denied Kankanam-Pathiranage's applications for asylum and withholding of removal, but granted relief under the Convention Against Torture ("CAT"). *In re Charitha Shamjayasena Kankanam-Pathiranage*, No. A087 785 474 (B.I.A. Dec. 27, 2011), *aff'g* No. A087 785 474 (Immig. Ct. N.Y. City June 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "The 'substantial evidence' standard of review applies, and we

2

uphold the IJ's factual findings if they are supported by 'reasonable, substantial and probative evidence in the record.'" *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (citations omitted).

The agency reasonably found that Kankanam-Pathiranage had failed to establish that he was or would be persecuted on account of his membership in a particular social group, which he defines as former substance abusers who are prominent Christian missionaries. To establish eligibility for asylum, an applicant must demonstrate that the persecution he suffered or fears was or would be on account of a protected ground, which includes a particular social group, *see* 8 U.S.C. § 1101(a)(42), and that his protected status, and not some other factor, is a "central reason" why he was or will be targeted for persecution, *see* 8 U.S.C. § 1158(b)(1)(B). To prevail on his application for withholding of removal, Kankanam-Pathiranage must make a similar showing. 8 C.F.R. § 1208.16(b).

Here, substantial evidence supported the BIA's conclusion that Kankanam-Pathiranage's status as a Christian missionary did not cause him to face a threat of persecution. Kankanam-Pathiranage's claim for relief

3

centered on three events: a threat he received from an anonymous caller demanding that he stop working as a Christian missionary, solicitations by a drug dealer to participate in his business, and Kankanam-Pathiranage's arrest and abuse by drug enforcement officers who charged him with having drugs in his home. Given that the Kankanam-Pathiranage's interrogation by drug enforcement officers focused on drug dealing, however, his arrest and interrogation appear to have resulted from the discovery of heroin in his home and the police's suspicion that he worked with the drug dealer, rather than from his missionary activities. Moreover, although Kankanam-Pathiranage received a threatening phone call instructing him to stop his "Christian activities," he could neither identify the caller nor demonstrate any connection between this call and his subsequent interactions with the drug enforcement officers. Finally, the testimony indicated that the drug dealer solicited Kankanam-Pathiranage due to their former business dealings. The IJ therefore reasonably found that Kankanam had not demonstrated that his missionary work was a central reason he was harmed or that he was targeted by drug enforcement officers for any reason other than suspected

4

criminal activity. *See* 8 U.S.C. § 1158(b)(1)(B); *Yanqin Weng*, 562 F.3d at 513. Accordingly, the agency did not err in concluding that Kankanam-Pathiranage did not establish eligibility for asylum or withholding of removal. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b).

Next, contrary to Kankanam-Pathiranage's assertion that the IJ failed to consider the letters he submitted in support of his application, because the letters merely echo his testimony and provide no additional link between the harm he suffered and a protected ground, the record does not compel the conclusion that the IJ did not consider them. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) (presuming that the IJ has taken into account all of the evidence presented unless the record compellingly suggests otherwise).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5